**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**In Re:**
**Jose A. German**
**SSN: XXX-XX-1352**
**Maria German**
**SSN: XXX-XX-2673**

**PROCEEDINGS UNDER CHAPTER 13**
**CASE NO.: 16-20626- BKC- RBR**

**Debtors /**

**MOTION TO REINSTATE CHAPTER 13 CASE**

**COME NOW**, the Debtors, Jose A. German and Maria German, by and through the undersigned counsel and file this Motion to Reinstate Chapter 13 Case pursuant to Federal Rules of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60, and in support thereof states as follows:

1. That the Debtors filed for Chapter 13 bankruptcy relief on July 29, 2016.
2. That the instant case was dismissed prior to confirmation on December 22, 2016 for failure to remain current in the Chapter 13 Plan payments [Docket Entry 33].
3. That pursuant to Rule 60, a party may file a motion for relief from an order within a reasonable time.
4. In seeking relief under Rule 60, the movant must plead and provide sufficient grounds under Rule 60 (b) (1)-(5), which includes mistake, inadvertence, surprise, or excusable neglect.
5. If the movant is unable to establish that one of the five grounds is applicable, the movant may plead under the catch-all provision of (60)(b)(6) ("any other relief that justifies relief") and has to demonstrate that the circumstances are sufficiently extraordinary to warrant relief and that without relief an extreme and unexpected hardship will result. (Rule 60, Federal Rules of Civil Procedure; United States v. Swift & Co., 286 U.S. 106, 119, 52 S. cr. 460, 464 76 L.Ed 999 (1932).

6. In the instant case, the Chapter 13 Plan proposed to cure the arrears and provide the regular monthly payments to Secured Creditor, Ditech Financial LLC and Secured Creditor, Banyan Estates Homeowners Association for debts secured by the Debtors' homestead property.
7. The Debtors fell behind in their Chapter 13 Plan payments on or about October, 2016 when the debtor became unemployed and the Joint Debtor's income was insufficient to maintain the monthly Plan payment.
8. Furthermore, the Debtors were under a mistaken belief that they had more time in order to petition the court to reinstate the instant Chapter 13 Case.
9. At this time, both the Debtor and the Joint Debtor are gainfully employed, have the ability to resume making monthly Chapter 13 Plan payments in the instant case and have been informed of the time limits provided for under the Federal Rules of Civil Procedure.
10. The Debtors intention in filing the instant case was, and continues to be, to save their homestead property.
11. Debtors have been served with an action to foreclosure on a claim of lien by Secured Creditor, Banyan Estates Homeowners Association (Case No. 16-013486).
12. Debtors request that the instant case be reinstated so that they may reorganize their debts, and save their home.
13. That the undersigned is holding $12,550.27 which brings Debtors current in their Chapter 13 Plan payments due as of the filing of the Motion.

**WHEREFORE**, Debtors, Jose A. German and Maria German, respectfully request that this court enter an Order Granting this Motion to Reinstate Chapter 13 Case.

I Hereby Certify that I am admitted to the Bar of the United States District Court for the Southern District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in the Court set forth in Local Rule 2090-1 (A).

Submitted By:

**Law Offices of Patrick L Cordero, Esq.**
Attorney for Debtor
7333 Coral Way
Miami, Florida 33155
Tel: (305) 445-4855

/s/ (FILED ECF)
PATRICK L. CORDERO, ESQ.
FL Bar No. 801992